**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **GREGORY KELLY,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 2:24-cv-348** |
| | ) |
| **MONTGOMERY WATER WORKS** | ) |
| **SANITARY & SEWER BOARD** | ) |
| **d/b/a Montgomery Water Works Sanitary** | ) |
| **& Sewer Board ("MWWSSB");** | ) |
| **WILLIAM HENDERSON, individually and his** | ) |
| **position as employee as General Manager** | ) |
| **of MWWSSB;    CHARLENE F. WACHS,** | ) |
| **individually and her position as employee as** | ) |
| **Sr. Asst. General Manager of MWWSSB;** | ) |
| **RICHARD HANAN, individually and his** | ) |
| **position as employee as Chairman of MWWSSB;** | ) |
| **RAY ROTON, individually and his position** | ) |
| **as employee as Vice Chairman at MWWSSB;** | ) |
| **BERNICE ROBERTSON, individually and her** | ) |
| **position as employee as Board Member** | ) |
| **at MWWSSB;    GEORGE CHAPMAN,** | ) |
| **individually and his position as employee as** | ) |
| **Board Member at MWWSSB;  HUGH COLE,** | ) |
| **individually and his position as employee as** | ) |
| **Board Member at MWWSSB;  GREG** | ) |
| **CRAWFORD, individually and his position as** | ) |
| **employee as Board Member at MWWSSB;** | ) |
| **SCOTT HARRIS, individually and his position** | ) |
| **as employee as Board Member at MWWSSB;** | ) |
| **PAM KING, individually and her position as** | ) |
| **employee as Board Member at MWWSSB;** | ) |
| **MILDRED WORTHY, individually and her** | ) |
| **position as employee as Board Member** | ) |
| **at MWWSSB,** | ) |
| | ) |
|    **Defendants.** | ) |

**<u>NOTICE OF REMOVAL</u>**

1

Montgomery Water Works Sanitary & Sewer Board[1], William Henderson, Charlene F. Wachs, Richard Hanan, Ray Roton, Bernice Robertson, George Chapman, Hugh Cole, Greg Crawford, Scott Harris, Pam King and Mildred Worthy, (collectively the "WWB Defendants"), making a special limited appearance[2] by and through undersigned counsel, and pursuant to 28 U.S.C. § 1331, 28 28 U.S.C. § 1367, 28 U.S.C. § 1441(a), 28 U.S.C. §1446, and the federal laws set forth in Plaintiff's Complaint (and referenced hereinbelow) hereby give notice of the removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. On the following grounds, federal question jurisdiction exists in this action and supports removal to this Court.

## I.    BRIEF BASIS FOR REMOVAL

1.    Removal is proper pursuant to 28 U.S.C. § 1441 because the only four counts in Plaintiff's complaint could have been originally filed in this Court under federal question jurisdiction under 28 U.S.C. § 1331.

## II.    PROCEDURAL HISTORY

2.    On May 7, 2024, Plaintiff Gregory Kelly ("Plaintiff") filed his Complaint against the WWB Defendants in the Circuit Court of Montgomery County, Alabama, styled *Gregory Kelly v. Montgomery Water Works Sanitary & Sanitary Board, d/b/a Montgomery Water Works & Sanitary Board ("MWWSSB") et al.*, CV-2024-000170.00. Pursuant to 28 U.S.C. § 1446(a), a copy of the circuit court's file is attached hereto as composite Exhibit 1.

---

[1] The legal name for this defendant is The Water Works and Sanitary Sewer Board of the City of Montgomery.
[2] The WBB Defendants appear for the limited purpose of filing this notice of removal and in doing so do not waive any defenses to Plaintiff's claims, including, but not limited to, challenges to personal jurisdiction. *See, e.g., Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (noting that defendants who remove cases do not waive their right to challenge personal jurisdiction).

Ferenchak v. Zormati, 572 F. Supp. 3d 1284, 1289 (S.D. Fla. 2021)

3. On May 13, 2024, Plaintiff served all WWB Defendants with a summons and a copy of the Complaint when the Sheriff delivered it to the Montgomery Water Works Board office located at 2000 Interstate Park, Montgomery, AL. *See* Exhibit 1.

**III.    SUMMARY OF CLAIMS**

4. The Complaint alleges the WWB discriminated and retaliated against Plaintiff by, among other things, denying him employment.

5. Count One of the Complaint alleges the WWB Defendants violated Title VII by treating him differently than other job applicants because of his race, color, age, disabilities, and family member history, and discriminated against him because he protested and reported the WWB for environmental problems.

6. Count Two of the Complaint alleges the WWB Defendants violated 42 U.S.C. § 1981 by discriminating against him based on his age and disabilities.

7. Count Three of the Complaint alleges the WWB Defendants denied him equal rights and protections of the law in violation of the Equal Protection Clause of the Constitution of the United States by treating him differently than similarly situated young job applicants.

8. Count Four of the Complaint is entitled, "Fourth Cause of Action State Action Blacklisting to Prevent any Person from Receiving Employment from Whomsoever They Desire." Count Four appears to allege the WWB Defendants engaged in caused him to suffer "reprisal acts" for "reporting information on public concern such as Medical frauds, violations of the Medicare Secondary Payer (MSP) laws, environmental frauds and toxic torts crimes, and for reporting and speaking out on matters of public concern" and that the WWB Defendants denied him employment rights by not hiring him for jobs on seven occasions between December 2023 and March 2024.

9.     The section of Plaintiff's Complaint entitled "Statement of Facts Supporting Case [sic.] of Action," generally alleges Plaintiff has, since 1998, repeatedly sought employment opportunities with the WWB Defendants but has been denied employment due to his age, race, sex, color, disabilities, family member history and his political, religious, and pro-union views. *See* Compl. ¶ 9. Plaintiff also alleges that the WWB Defendants have "blacklisted" him for advocating "equal employment, environmental justice and fair housing rights including equal access to utility services." *See* Compl. ¶ 12.

## IV.    GROUNDS FOR REMOVAL

### A. <u>Removal Proper on Federal Question Grounds</u>

10.     Title 28 U.S.C. § 1441(a) provides that a civil action originally brought in state court may be removed to the district court of the United States for the district and division embracing the place where such action is pending whenever the district courts of the United States have original jurisdiction. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1,6 (2003) ("A civil action filed in state court may be removed to federal court if the claim is one arising under federal law.")

11.     In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint. *Id.* A suit arises under the Constitution and laws of the United States when the Plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id.* "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 58 U.S. 251, 257 (2013).

12.     This action is properly removable to federal court because Plaintiff's Complaint presents a federal question and could have been originally filed in this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Title 28 U.S.C. § 1331 provides, "The district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. This Court has original jurisdiction because all claims allege violations of federal laws and statutes. Plaintiff's Complaint expressly asserts numerous claims under federal statutes and laws of the United States. A federal question thus appears on the face of Plaintiff's complaint. *Davenport v. City of Brundidge*, No. 2:22-CV-688-ECM, 2023 WL 2720798, at *2 (M.D. Ala. Mar. 30, 2023).

14. Count One alleges violations of Title VII of the Civil Rights Act of 1964; Count Two alleges violations of 42 U.S.C. §1981; Count Three alleges violations of the Equal Protection Clause of the Constitution of the United States; and Count Four alleges retaliation for Plaintiff having reported and protested the WBB Defendants for having violated Medicare laws and engaged in medical fraud, environmental frauds, toxic torts and crimes, and for having reported and speaking out on "matters of public concern."

15. Count Four is entitled, "State Action." It does not does not allege violations of any particular state law, and this reference to "State Action" is most reasonably construed as Plaintiff's attempt to redress his private rights against a government entity. The vehicle for a private lawsuit challenging "state action" is 42 U.S.C. § 1983, and claims brought pursuant to 42 U.S.C. § 1983 are the quintessential example of claims over which the federal courts have original jurisdiction. *See Davenport v. City of Brundidge*, at *3.

16.     Under Count Four, Plaintiff also references other federal statutes. He alleges he made complaints protesting "the FCA Act,[3] NLRBA Act,[4] Davis Bacon laws,[5] Brook A & E A accts,[6] the PLAs mandates,[7] among other federal laws" (Complaint, ¶ 33);  "RICO Act, RICO Act Retaliation, RICO Act Conspiracies and FCA/FERA Act,[8] qui-tam violations[9]. . ." (Complaint, ¶ 35); ECO Act and FHA Act[10] violations" and violations of 40 CFR 141.86(b)(2)[11] (Complaint, ¶ 37); FHA Act violations and "Title VIII laws"[12] (Complaint, ¶ 38); and Medicare Secondary Payer (MSP) laws[13] (Complaint, ¶ 40).

17.     Plaintiff also alleges violations, without any factual explanation, of federal statutes such as the RICO Act, the Equal Credit Opportunity Act, the Fair Housing Act, and Title VIII of the Civil Rights Act of 1964.

18.     Count Four concludes with the allegation Plaintiff was denied seven jobs between December 2023, and March 2024 for the above-referenced "Blacklisting offenses" . . . "for reporting information on public concern such as Medical frauds, violations of the Medicare

---

[3] Plaintiff presumably refers to the False Claims Act, 31 U.S.C. §§ 3729-3733, a federal law addressing submission of false claims to the government.

[4] Plaintiff presumably refers to the National Labor Relations Act, 29 U.S.C. §§ 151-169, a federal employment law protecting collective bargaining and working conditions.

[5] The Davis-Bacon Act, as amended, 40 U.S.C. §§ 3141, et seq. is a federal employment law governing wages.

[6] Plaintiff presumably refers to the Brooks Act, also known as the Selection of Architects and Engineers statute, which is a federal law governing certain government contracts.

[7] Plaintiff presumably refers to project labor agreements, which are governed by the U.S. Department of Labor, and include Executive Order 13502 governing "Use of Project Labor Agreements for Federal Construction Projects."

[8] Plaintiff presumably refers to the False Claims Act, 31 U.S.C. §§ 3729-3733, a federal law addressing submission of false claims to the government, and the Federal Emergency Relief Administration, a grant-making agency authorized to distribute federal aid to the states for relief.

[9] Qui tam actions are brought pursuant to the federal False Claims Act.

[10] Plaintiff presumably refers to the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., a federal law prohibiting certain types of housing discrimination.

[11] This citation is to Environmental Protection Agency regulations that set forth monitoring requirements for lead and copper in tap water.

[12] The federal Fair Housing Act is also referred to as "Title VIII."

[13] The Medicare Secondary Payer Act, 42 U.S.C. §1395y is an amendment to the federal Social Security Act, which effectively enacted Medicare liens.

Secondary Payer (MSP) laws, environmental frauds and toxic torts crimes, and for speaking out on matters of public concern." (Complaint, ¶ 40).

19.     Defendants acknowledge that, under Count Four, Plaintiff references "the s [*sic.*] state's 2011 HB-56/HB 658 draconian laws," which appears to be an attempt to reference a state immigration law, but this reference does not allege the WBB Defendants violated this or any other purported state law.

20.     To the extent Count Four could be construed to encompass any claim arising out of state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The factual allegations supporting Count Four are so related to, and intertwined with, claims arising out of federal law that they form part of the same case or controversy as all four counts appear to be attempts to redress various forms of discrimination and retaliation arising out of his desired employment by the WBB. *See Hudson v. Delta Airlines, Inc.* 90 F.3d 451,455 (11th Cir. 1996).

21.     In accordance with 28 U.S.C. § 1446 (a), a copy of all process pleadings and orders in the state court action are attached hereto collectively as Exhibit 1.  Because the WWB Defendants are the only named defendants in this action and all are joining in this removal, consent from any other defendant is unnecessary. *See* 28 U.S.C. § 1446 (b)(2)(A).

22.     The WWB Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because they are filing it within thirty (30) days of "receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). The events asserted by Plaintiff giving rise to his claims purportedly occurred in Montgomery County, Alabama. Accordingly, venue properly lies in the United States District Court for the Middle District of

Alabama, Northern Division, which is the federal district court and division encompassing the Circuit Court of Montgomery County, Alabama.

24.     In accordance with 28 U.S.C. § 1446(d), the WWB Defendants will promptly provide written notice of the filing of this Notice Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the clerk of the Circuit Court of Montgomery County, Alabama, where this action was pending.

WHEREFORE, the WWB Defendants give notice that the above title styled action is removed from the Circuit Court of Montgomery County, Alabama, to the U.S. District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 11th day of June 2024.

_/s/ Wesley C. Redmond_____
Wesley C. Redmond (ASB-3666-D30W)
Susan W. Bullock (ASB-2035-U81S)
FordHarrison LLP
420 20th Street, Suite 2560
Birmingham, AL 35203
Telephone: 205.244.5905
WRedmond@fordharrison.com
SBullock@fordharrison.com

_Counsel for Defendants_

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing was electronically filed with the clerk of the court, using the CM/ECF system and a copy of the foregoing will be served upon the *pro se* plaintiff, by first class US mail postage prepaid as follows:

Gregory Kelly, *Pro Se*
6213 Willow Glen Drive
Montgomery, Alabama 36117


/s/ Wesley C. Redmond
Wesley C. Redmond