IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-348-RAH-JTA |
| | ) (WO) |
| THE WATER WORKS AND | ) |
| SANITARY SEWER BOARD OF THE | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the motion filed on July 12, 2024, by *pro se* Plaintiff Gregory Kelly entitled "Plaintiff Seeks Spoliation Motion to Protect and Preserve Incriminating Evidence Because the Defendants Are Motivated to Destroy Key Evidence About RICO Act Crimes." (Doc. No. 24.) Also before the court is Kelly's motion filed on July 30, 2024, entitled "Plaintiff's Notice Reguarding Order to Shown Cause or in the Alternative Adding a New Class of Plaintiffs to the Plaintiffs 1-th Ameneded Compliant and/or Issue a Spoliation Motion to Prevent Destructiuon of Documents by the Defendants" which the court CONSTRUES as containing both a motion to add a new class of Plaintiffs to his amended complaint and as a motion for an order to prevent spoliation of evidence. (Doc.

No. 33 (sic).) For the reasons stated below, the spoliation motions (Docs. No. 24, 33[1]) are due to be denied.

Kelly seeks an order requiring Defendants to preserve evidence, arguing "Defendants are motivated to avoid costly fed sanctions, plus long prison times due to RICO Act Crimes by and through a pattern of racketeering activities consist of mail, wire, TV, radio, and 'polluting- for profit crimes.'" (Doc. No. 24 at 1 (sic).)[2] He then proceeds to state various allegations bordering on the scandalous and fantastical; the court will not here repeat those allegations. Kelly argues the "[c]ourt should immediately issue a motion to prevent the Defendants and their lawyers and employees from destroying key evidence regarding these RICO Act polluting -for profit crimes in city of Montgomery, AL." (*Id*. (sic).)

The court has broad discretion regarding discovery, including motions pertaining to spoliation of discovery materials. *See Foulke v. Weller*, No. 22-13942, 2024 WL 2761778, at *5 (11th Cir. May 29, 2024) ("We review the district court's decision about spoliation sanctions for an abuse of discretion…. The district court is 'accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential.'" (quoting *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996)); *Mendez v. Wal-Mart Stores E.,*

---

[1] Kelly's July 30, 2024 motion (Doc. No. 33) to add a new class of plaintiffs to his amended complaint will be addressed by separate order.

[2] The court's analysis focuses on the arguments Kelly raised in his July 12, 2024 motion (Doc. No. 24) because his July 30, 2024 motion (Doc. No. 33) adds nothing substantive to his spoliation-related arguments.

*LP*, 67 F.4th 1354, 1361 (11th Cir. 2023) ("We review the district court's decision regarding spoliation for an abuse of discretion.").

The only ground for Kelly's motions is his assertion Defendants are motivated to avoid civil and criminal liability. All defendants in every case have a motive to avoid liability, but that alone does not justify a prospective order to preserve documents. Defendants' counsel are already aware of "the obligation of a civil litigant to preserve relevant information, including electronically stored information, that is anticipated to be relevant." *Health Mgmt. Assocs., Inc. v. Salyer*, No. 14-14337-CIV, 2015 WL 12778793, at *1 (S.D. Fla. Aug. 19, 2015). Furthermore, should evidence be destroyed in violation of the Federal Rules of Civil Procedure, remedies would be available. *See, e.g.*, Fed. R. Civ. P. 37(e) (providing for remedies in the event "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it"). Kelly presents no *evidence* Defendants are currently destroying materials they are obligated to produce in discovery, or that they imminently will do so. Under the circumstances, the court finds the seriousness of penalties and sanctions for spoliation are adequate to counterbalance any theoretical motive to avoid liability.

Aside from an alleged, generic motive to avoid liability, Kelly's motions are grounded entirely on unsupported allegations, speculation, and irrelevant, vituperative comments. In sum, Kelly has not demonstrated the necessity of an order directing Defendants to preserve evidence from spoliation.

Accordingly, it is ORDERED that Kelly's motions (Docs. No. 24, 33) are DENIED.

DONE this 31st day of December, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE