IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-348-RAH-JTA |
| ) | (WO) |
| THE WATER WORKS AND ) | |
| SANITARY SEWER BOARD OF THE ) | |
| CITY OF MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the amended complaint filed by *pro se* Plaintiff Gregory Kelly[1] against Defendants The Water Works and Sanitary Sewer Board of the City of Montgomery ("WWB"), William Henderson, Charlene F. Wachs, Richard Hanan, Ray Roton, Bernice Robertson, George Chapman, Hugh Cole, Greg Crawford, Scott Harris, Pam King and Mildred Worthy. (Doc. No. 21.) Also before the court are the following motions: (1) Kelly's motion entitled "Plaintiff's First Motion to Add Documents to Plaintiff's First Amended Complaint" (Doc. No. 32), (2) Kelly's July 30, 2024 motion entitled "Plaintiff's Notice Reguarding Order to Shown Cause or in the Alternative Adding a New Class of Plaintiffs to the Plaintiffs 1-th Amended Compliant and/or Issue a Spoliation Motion to Prevent Destruction of Documents by the Defendants," which the

---

[1] Kelly paid the filing fee in this action and is not proceeding *in forma pauperis*.

court CONSTRUES as containing both a motion to add a new class of plaintiffs to his amended complaint and as a motion for an order to prevent spoliation of evidence (Doc. No. 33 (sic)), and (3) Defendants' motion to dismiss Kelly's amended complaint (Doc. No. 34).

For the reasons stated below, the court *sua sponte* strikes the amended complaint (Doc. No. 21), orders Kelly to amend his complaint in strict accordance with this Order, denies as moot Kelly's motion to add documents to the amended complaint (Doc. No. 32), denies as moot Kelly's motion to add a new class of plaintiffs to the amended complaint[2] (Doc. No. 33), and denies as moot Defendants' motion to dismiss the amended complaint (Doc. No. 34).

## I.     JURISDICTION

Pursuant to 28 U.S.C. § 636, "this case [was referred] to the United States Magistrate Judge … for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

This court has subject matter jurisdiction over this action based on federal question jurisdiction as some of Kelly's causes of action arise under the Constitution and laws of the United States.[3] 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

---

[2] To the extent Kelly's July 30, 2024 motion (Doc. No. 33) seeks an order preventing spoliation of evidence, it is addressed by a separate order specifically addressing two such motions.

[3] Though Kelly's amended complaint is not a model of clarity, it is possible to determine that he seeks relief for violations of his First Amendment right to freedom of speech and for discrimination in violation of Title I of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12111–12117. (Doc. No. 21 at 16, 25.) Although this is not an exhaustive list of the

2

The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II. STANDARD OF REVIEW

"Complaints that violate either Rule 8(a)(2) or Rule 10(b) [of the Federal Rules of Civil Procedure], or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "All shotgun pleadings share two characteristics in common." *Dorman v. Palm Beach Cnty.*, No. 19-81538-CIV, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020). First, shotgun complaints "'fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id*. (quoting *Weiland*, 792 F.3d at 1323). Second, shotgun complaints "'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id*. (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). As the court has previously explained to Kelly, the Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being

---

provisions of the United States Constitution and federal laws under which Kelly purports to assert his claims, it is sufficient to establish the existence of federal question jurisdiction under 28 U.S.C. § 1331.

3

replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1323 (footnotes omitted).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). At the same time, "the court is obliged to *sua sponte* exercise its inherent duty and responsibility to manage its docket, ensure that the issues subject to litigation are clearly delineated, prevent extended and aimless discovery, protect the record from accumulating cumbersome and unnecessary mass, and efficiently allocate judicial resources." *Sullivan v. City of Dadeville*, No. 3:22-CV-653-ECM-JTA, 2024 WL 3297677, at *3 (M.D. Ala. July 3, 2024), *report and recommendation adopted*, No. 3:22-CV-653-ECM, 2024 WL 4236298 (M.D. Ala. Sept. 19, 2024). That duty requires the court to *sua sponte* order repleader of a shotgun complaint where necessary to achieve those objectives, and where less drastic alternatives are unavailing.[4] *Id.*; *see Magluta v. Samples*, 256 F.3d 1282, 1285

---

[4] Where a plaintiff fails to comply with an order to file an amended complaint to cure the shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at **10-11 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases and recommending dismissal with prejudice for failure to comply with the

(11th Cir. 2001) (directing the district court to strike the shotgun complaint on remand "and require a repleading of all claims in a complaint that respects the requirements" of the Federal Rules of Civil Procedure); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (emphasizing the court's "power and duty" to intervene *sua sponte* in cases of shotgun pleadings to narrow the issues and "prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined"); *Reese v. Weidplas N. Am.*, *LLC*, No. 3:18-cv-793-WKW-SRW, 2019 WL 13299344, at *3 (M.D. Ala. 2019) ("The district courts have the inherent authority to require plaintiffs to define the scope of their claims and, indeed, it is the courts' duty to do so at the earliest practicable stages of litigation."); *Hatfield v. Cadence Bank*, No. 3:23-cv-202-RAH-JTA, September 8, 2023 Order (Doc. No. 24 at 3-4) (collecting cases and explaining the court's inherent power and duty to ensure that the pleadings are not "so deficient as to risk significantly inhibiting joinder of the issues, trial, and effective case management," even where the complaint is not subject to review under 28 U.S.C. § 1915(e)(2)(B)); *see also Anderson*, 77 F.3d at 367 n.5 (holding that, where the defendants opted not to move for a more definite statement, "on examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement" because the complaint so failed to comply with

---

court's prior orders to cure a shotgun complaint), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024).

the rules of pleading that it prevented effective joinder and disposition of the relevant issues in the case).

### III.    DISCUSSION

A.    Basis for *Sua Sponte* Order to Amend

In 2024, Kelly filed eight separate actions *pro se* in the Middle District of Alabama against numerous Defendants. Throughout his conglomeration of civil actions, Kelly alleges numerous discriminatory acts and constellations of conspiracies by various entities, individuals, and state governmental agencies.[5] Four of those actions were[6] referred to the undersigned. This is one of those actions.

On May 7, 2024, Kelly filed this action against WWB and eleven individuals, in their individual capacities as well as their official capacities as agents and employees of WWB.[7] (Doc. No. 1-2 at 2.) On June 27, 2024, he filed an amended complaint. (Doc. No. 21.) The amended complaint is 47 pages long (not including the certificate of service), including one hundred eight-one separately numbered paragraphs. In it, Kelly asserts

---

[5]*See Kelly v. Ala. Alcohol Control Bd.*, *et al.*, Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al.*, Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City Board, et al.*, Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works & Sanitary Sewer Bd., et al.*, Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Ala. Dept. of Rehab. Servs., et al.*, Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al.*, Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Reg'l Airport, et al.*, Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Hous. Auth., et al.*, Case No. 2:24-cv-00166-MHT-JTA.

[6] Of the four cases originally assigned to the undersigned, one was recently reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al.*, Case No. 2:24-cv-00343-ECM-SMD.

[7] Like the amended complaint, and for substantially the same reasons, the original complaint (Doc. No. 1) is a shotgun pleading.

sixteen counts (some of which contain multiple causes of action) alleging Defendants are liable to Kelly on grounds that their actions have injured Kelly and, in some cases, "the city of Montgomery, AL black and non-white residents" and others. (Doc. No. 21 at 42 ¶ 162; *see also*, *e.g.*, Doc. No. 21 at 21 ¶ ¶ 81, 83 (alleging Defendants' actions injured "10s of 1000s of sick young children, and pregnant women and elderly and disabled persons in the city of Montgomery, AL" (sic).)

In Kelly's factual allegations, he asserts "Defendants," as a collective group, along with others not named as defendants,[8] engaged jointly in various wrongful acts.[9] (Doc. No. 21 at 1-12, ¶¶ 2-47.) He provides no specific allegations of material fact concerning how any particular Defendant's actions or omissions give rise to liability on that particular Defendant's part. *See Weiland*, 792 F.3d at 1323 (noting the category of shotgun complaints in which the pleader "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). He also describes some allegedly

---

[8] For example, in his statement of facts, Kelly alleges "AMR and AMI system contractors such as Honeywell International, Itron Inc, Sensus USA, Inc are developing faulty AMR and AMI system products with federal funds" and have committed "gross negligent acts by hiring unlicensed electrical and electronic engineers and technicians to switch out analog electric meters with the digital electric meters." (Doc. No. 21 at 3 ¶ 6 (sic).)

[9] For example, Kelly alleges, "[s]ince the mid-1990s, the WWB Defendants and the Downtown Environmental Alliance Members which include the WWB Defendants have conspired in a pattern of reprisal actions against Plaintiff Kelly in violation of several whistleblower laws." (Doc. No. 21 at 8 ¶ 49.) Kelly never specifies what specific actions were taken by which Defendant in which capacity to further or participate in the alleged conspiracy.

wrongful acts in the passive voice, thus ascribing them to no individual or entity at all.[10] Moreover, each count adopts all the factual allegations of the amended complaint, thus incorporating wholly irrelevant factual allegations in every count while simultaneously obfuscating which factual allegations give rise to which causes of action. Review of the incorporated factual averments reveals that some counts do not appear to have much, if anything,[11] in the way of corresponding factual allegations. *See id.* (discussing the type of shotgun complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").

These are some (but not all) of the reasons why Kelly's amended complaint shares the "'unifying characteristic of'" shotgun complaints: "'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,'" or the grounds upon which each of Kelly's sixteen counts rests. *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 1837195, at *2 n.1 (M.D. Ala. Apr. 26, 2024) (quoting

---

[10] For example, Kelly alleges that he is "a former engineering employee at APSC, a state government regulatory agency," and that he "was fired from the APSC Commission after filing engineering reports where he voiced concerns about Wi-Fi smart water meters posing a serious safety and health threats to individuals with multiple comorbidities due to cancer causing RF emissions by harming and damaging DNA structure cells in the human body." (Doc. No. 21 at 2 ¶¶ 2-4 (sic).) He gives no indication what, specifically, any Defendant (none of whom were his employer) allegedly did to participate in or contribute to the termination of his employment from a state regulatory agency.

[11] For example, Kelly provides no factual allegations that he ever sought or was denied employment with WWB, yet he presents a claim for "RETALIATION DISCRIMINATION IN EMPLOYMENT" in which he vaguely and conclusorily alleges that, in violation of state law, "All WWB Defendants" "failed to hire" him "due to his public advocacy activities." (Doc. No. 21 at 37-39 ¶¶ 148-153 (sic).) Kelly alleges no specific facts to support this claim.

*Weiland*, 792 F.3d at 1323), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024).

Because of the shotgun nature of the amended complaint, neither Defendants nor the court can be adequately certain which claims are levelled against which Defendants or the factual or legal grounds on which Kelly's causes of action rest. Nothing short of an order requiring Kelly to replead can ensure that the case can proceed on a coherent complaint that allows for the proper joinder of issues and the just, efficient disposition of Kelly's claims. Therefore, Kelly's amended complaint will be *sua sponte* stricken as a shotgun pleading. *See Kelly v. Montgomery Hous. Auth.*, 2024 WL 1837195, at *4.

Kelly has previously been warned[12] in at least one other case about shotgun complaints, and he was previously subject to an order in that case requiring him to file an amended pleading and providing him with detailed instructions for doing so. In this action, Kelly will be provided **_one_** court-ordered opportunity to amend his complaint to state what claims he can with sufficient specificity to place Defendants and the court on notice of his claims against each of them and the factual grounds upon which his claims rest.

B.  Basis for Denying the Motion to Dismiss, Motion to Add New Claims, and Motion to Add a New Class of Plaintiffs as Moot

Although Kelly has not yet filed an amended complaint, he will either file one or face dismissal of this action. In any event, this case will not proceed on the amended

---

[12] The court is under no obligation to explain repeatedly the Federal Rules of Civil Procedure to Kelly in any of his many pending actions whenever he repeats a procedural error the court has previously carefully explained to him in a different case. To do so would be a waste of scarce judicial resources. The court has provided Kelly with links to the Federal Rules of Civil Procedure, and it expects him to use them, consistent with its expectations of any other litigant.

complaint (Doc. No. 21), which is an impermissible shotgun pleading. Therefore, Defendants' motion to dismiss the amended complaint (Doc. No. 34) is directed at the merits of an inoperative pleading and is itself due to be denied as moot without prejudice to raise the arguments therein in response to the forthcoming second amended complaint. *See Sullivan v. Prattville Health & Rehab., LLC*, Case No. 3:22-cv-702-RAH-JTA, 2024 WL 1601217, at *5 (M.D. Ala. Feb. 16, 2024) (recommending denial of pending motions to dismiss in similar circumstances), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024); *see also Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023) ("[T]he Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties." (citing *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing in turn *Pintando v. Miami-Dade Hous. Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007)))).

Kelly's motion to add documents to the amended complaint (Doc. No. 32) and Kelly's motion to add a new class of plaintiffs to the amended complaint (Doc. No. 33) are likewise due to be denied as moot. *Raley v. United States*, No. 2:23-CV-552-RAH-JTA, 2024 WL 2982038, at *3 (M.D. Ala. June 13, 2024) ("Despite Rule 15(a)'s 'mandate' that leave to amend is to be freely given when justice requires, leave to amend may be denied for such reasons as … futility of amendment.'" (quoting *Foman*, 371 U.S. at 182)).

10

C.     Warning to Kelly

Kelly has been informed many times in multiple cases by the undersigned and other judges in this district that shotgun complaints are not permitted. He has been subjected to multiple orders in multiple cases instructing him to file amended complaints that satisfy the Federal Rules of Civil Procedure, and those orders provided him with the information necessary to enable him to comply. *See*, *e.g.*, *Kelly v. Elite Roofing*, 2:24-CV-388-MHT-JTA, 2024 WL 4993858, at *1 (M.D. Ala. Dec. 5, 2024); *Kelly v. Montgomery Hous. Auth.*, 2024 WL 1837195; *see also*, *e.g.*, *Kelly v. Ala. Dept. of Rehab. Servs., et al.*, Case No. 2:24-cv-00343-ECM-SMD (Doc. No. 31, December 20, 2024 Order). Nevertheless, he has yet to file a complaint that complies with the Federal Rules of Civil Procedure in any case before the undersigned.[13]

Repeatedly filing documents that make the same errors after the court has previously explained those errors to Kelly is "frivolous, waste[s] the court's limited resources, and unnecessarily delay[s] the resolution of the case on the merits." *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024). Further, as Kelly has previously been advised on numerous occasions, his filings are subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See, e.g., Kelly v. Montgomery Hous. Auth.*, 2024 WL 3240637 (explaining Kelly's obligations under Rule 11). Pleadings and motions must not be filed frivolously or with cavalier

---

[13] Searching for an arguably sufficient pleading in Kelly's many other cases pending before other judges would not serve the ends of judicial efficiency.

11

disregard for the Federal Rules of Civil Procedure. Lawsuits are serious matters, not "cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall." *Lietzke v. City of Montgomery, AL*, No. 2:20-cv-1032-WKW-JTA, 2023 WL 3937423, at *4 (M.D. Ala. June 9, 2023).

      Therefore, ***Kelly is specifically warned that continuing to file shotgun complaints in this or other actions—or the repeated filing of arguments or motions the court has already explained are frivolous—may result in further sanctions, including monetary sanctions and restrictions on his filing privileges upon a finding that he is a vexatious litigant.*** *See Kelly v. Elite Roofing, LLC*, Case No. 2:24-CV-388-MHT-JTA, 2024 WL 4994508, at *3 (M.D. Ala. Dec. 5, 2024) ("***<u>Plaintiff is ADVISED that he will be subject to sanctions if he continues to clutter the dockets with motions and other filings containing repeat attempts at raising the same frivolous arguments.</u>***" (emphasis in original)). This warning applies to filings in future lawsuits as well as in Kelly's currently-pending actions.

## IV.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. Kelly's motion to add documents to his amended complaint (Doc. No. 32) is DENIED as moot.

2. Kelly's motion to add a new class of plaintiffs to his amended complaint (Doc. No. 33) is DENIED as moot.

3. Defendants' motion to dismiss the amended complaint (Doc. No. 34) is DENIED as moot.

4. The court *sua sponte* strikes the Amended Complaint (Doc. No. 21) and orders Kelly to amend his complaint **on or before January 16, 2025**, in strict accordance with the following instructions:

   a. The second amended complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), Rule 10, and Rule 11.

   b. The second amended complaint shall not be a shotgun pleading.

   c. The second amended complaint shall comply with the Local Rules for the United States District Court for the Middle District of Alabama.[14]

   d. The caption on the second amended complaint shall name all parties to this action, including all Defendants against whom Kelly asserts claims.

   e. The second amended complaint shall be the full, complete, concise statement of Kelly's claims <u>without reference to, adoption of, or incorporation of any previous pleadings or filings</u>. *See* L.R. 15.1. The second amended complaint shall supersede the Complaint that was previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint,"

---

[14] As Kelly has previously been informed, the Local Rules for the United States District Court for the Middle District of Alabama can be found at https://www.almd.uscourts.gov/forms/almd-local-rules.

    therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

f.  The second amended complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction.

g.  Kelly's standing to sue shall be apparent from the face of the second amended complaint. Kelly shall not allege claims on behalf of others whom he is not qualified to represent *pro se*.

h.  The second amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Kelly bases his claims. The second amended complaint shall clearly set forth sufficient relevant factual allegations, clearly indicate how the factual allegations support each legal claim, and specify exactly which claim(s) Kelly is asserting against which Defendant(s). To the extent possible, for each act of alleged unconstitutional, unlawful, or other wrongful conduct by Defendants, Kelly should include the date(s) of the alleged wrongful conduct, a **sufficient** description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting his contention that wrongful conduct occurred.

i.  The second amended complaint must set out Kelly's legal claims in separate counts, with one claim per count, **referencing the specific**

        **allegations of fact that support each legal claim**. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

j.    Counts asserted against fewer than all Defendants shall not be asserted against "Defendants" as an entire group. Rather, as to each separate legal claim, Kelly shall expressly name which Defendants are allegedly liable to him with respect to that specific claim, and in what capacity. With respect to each count, the second amended complaint must clearly and specifically identify each relevant Defendants' alleged acts or omissions in a manner sufficient for each Defendant to know how he, she, or it is alleged to be personally involved with the claim and the factual and legal grounds upon which he or she is alleged to be liable.

k.    The second amended complaint shall state plainly the relief Kelly requests from the court.

l.    *Kelly is ADVISED that failure to timely file a second amended complaint that complies with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders*.

m.    *Kelly is ADVISED that filing another shotgun complaint <ins>will</ins> result in a recommendation that this case be dismissed with prejudice, that*

*he be deemed a vexatious litigant, and that his filing privileges be appropriately restricted*.

DONE this 2nd day of January, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE