IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-348-RAH-JTA |
| | ) | (WO) |
| THE WATER WORKS AND | ) | |
| SANITARY SEWER BOARD OF THE | ) | |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the court is *pro se* Plaintiff Gregory Kelly's Show Cause Motion for Default Judgment or in the Alternative Partial Judgment or Summary Judgment. (Doc. No. 45.) Kelly "seeks a show cause order[1] as to why the Plaintiff is not entitled to a Motion for Default Judgement, or in the Alternative Motion for Partial Judgement or Motion for Summary Judgment." (Doc. No. 45 at 1 (sic).) Kelly is not entitled to the show cause orders he seeks.

On January 16, 2024, to allow the court a reasonable time to review Kelly's Second Amended Complaint for compliance with court orders, the court directed that "Defendants shall not answer or otherwise respond to the Second Amended Complaint (Doc. No. 43) until

---

[1] Kelly also states that he "seeks" or is "request[ing] a Show Cause Motion." (Doc. No. 45 at 1, 4.) However, based on the plain language of the first sentence of Kelly's motion requesting a "show cause order," the overall gist of the motion, and the undersigned's extensive familiarity with Kelly's filings in numerous cases, the undersigned concludes Kelly is requesting the court to issue an order to show cause.

so ordered." (Doc. No. 44 at 2). Kelly is ADVISED that his Second Amended Complaint remains under review.[2] Meanwhile, Defendants are not in default.

Further, Kelly has not filed a motion for default judgment, partial judgment, or summary judgment.[3] Thus, it would be improper for the court to direct Defendants to show cause why judgment should not be entered on the merits of the case.

Accordingly, it is ORDERED as follows:

1. Kelly's Show Cause Motion for Default Judgment (Doc. No. 45) is DENIED.

2. Kelly's Show Cause Motion for Partial Judgment (Doc. No. 45) is DENIED.

3. Kelly's Show Cause Motion for Summary Judgment (Doc. No. 45) is DENIED.

DONE this 10th day of March, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Second Amended Complaint totals 111 pages, including exhibits. (Doc. No. 43.)

[3] "Numerous times in multiple cases, the court has explained to Kelly" the requirements of summary judgment motions. *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2025 WL 221796, at *12 (M.D. Ala. Jan. 16, 2025) (citing cases; footnote omitted), *report and recommendation adopted*, No. 2:24CV166-MHT, 2025 WL 595162 (M.D. Ala. Feb. 24, 2025). On such occasions, "the court has warned him to stop filing motions for 'summary judgment' that do not comply with Rule 56, that are not, in fact, summary judgment motions, and that rest on grounds the court has previously explained to Kelly are meritless." *Id.* Kelly's motion is not a Rule 56 motion for summary judgment. Kelly has also been informed in numerous cases how motions for default judgment work, and his motion is not a default judgment motion. *See, e.g.*, *Kelly v. Elite Roofing, LLC*, No. 2:24-CV-388-MHT-JTA, 2024 WL 4994508, at *2 (M.D. Ala. Dec. 5, 2024), *report and recommendation adopted*, No. 2:24CV388-MHT, 2025 WL 366431 (M.D. Ala. Jan. 31, 2025). In fact, despite containing unsupported allegations Kelly should prevail on all his claims, his motion does not comply with the requirements for any of the dispositive motions he mentions. Hence, it would not serve the judicial efficiency or the ends of justice to liberally construe the instant motion as containing dispositive motions of any kind.