IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-348-RAH-JTA |
| ) | |
| THE WATER WORKS AND ) | (WO) |
| SANITARY SEWER BOARD OF THE ) | |
| CITY OF MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action has been referred to the undersigned "pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.) Before the court is *pro se* Plaintiff Gregory Kelly's second amended complaint. (Doc. No. 43.)

For the reasons stated below, the undersigned recommends Kelly's second amended complaint (Doc. No. 43) and this action be dismissed with prejudice for failure to comply with court orders and Rule 8(a)(2) of the Federal Rules of Civil Procedure. Further, the undersigned recommends Kelly be declared a vexatious litigant and future actions in which he files shotgun complaints be summarily dismissed without prejudice.

**I.    JURISDICTION**

This court has subject matter jurisdiction over this action based on federal question jurisdiction because some of Kelly's causes of action arise under the Constitution and laws

of the United States.[1] 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

## II. STANDARD OF REVIEW

"Complaints that violate either Rule 8(a)(2) or Rule 10(b) [of the Federal Rules of Civil Procedure], or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "All shotgun pleadings share two characteristics in common." *Dorman v. Palm Beach Cnty.*, No. 19-81538-CIV, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020). First, shotgun complaints "'fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id*. (quoting *Weiland*, 792 F.3d at 1323). Second, shotgun complaints "'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id*. (quoting *Vibe Micro*, 878 F.3d at 1295). As the court has previously explained to Kelly, the Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count

---

[1] Though Kelly's second amended complaint is not a model of clarity, it is possible to discern that he seeks relief for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and a number of federal civil rights statutes, including 42 U.S.C. §§ 1981 and 1983. (Doc. No. 43 at 19, 30.) He also seeks relief under several federal nondiscrimination statutes, such as Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e–5(f)(1). (*Id*. at 28.) Although this is not an exhaustive list of the provisions of the United States Constitution and federal laws under which Kelly asserts his claims, it is sufficient to establish the existence of federal question jurisdiction under 28 U.S.C. § 1331.

>   adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1323 (footnotes omitted).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). Therefore, the court has a duty to *sua sponte* order repleader where necessary so that the claims are adequately defined for litigation, and where less drastic alternatives are unavailing. *Sullivan v. City of Dadeville*, No. 3:22-cv-653-ECM-JTA, 2024 WL 3297677, at *3 (M.D. Ala. July 3, 2024) (collecting cases), *report and recommendation adopted*, No. 3:22-cv-653-ECM, 2024 WL 4236298 (M.D. Ala. Sept. 19, 2024); *see also Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (directing the district court on remand to strike the shotgun complaint "and require a repleading of all claims in a complaint that respects the requirements" of the Federal Rules of Civil Procedure).

If the plaintiff fails to comply with an order to cure the shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal

3

Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-cv-702-RAH-JTA, 2024 WL 2755683, at **10-11 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases and recommending dismissal with prejudice for failure to comply with the court's prior orders to cure a shotgun complaint), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024). Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir. 2009) (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). If a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

### III.   DISCUSSION

A.   Dismissal of Kelly's Claims

Between March 14, 2024, and March 13, 2025, Kelly filed nine separate *pro se* actions in the Middle District of Alabama against numerous Defendants. Throughout his

4

conglomeration of civil actions, Kelly alleges numerous discriminatory acts and constellations of conspiracies by various entities, individuals, and state governmental agencies.[2] Four of those actions were[3] referred to the undersigned. This is one of those actions.

On January 2, 2025, the court entered an Order striking Kelly's amended complaint as a shotgun pleading and requiring him to amend his complaint not later than January 16, 2025. (Doc. No. 42.)[4] The court noted that, prior to filing his amended complaint, Kelly had already been warned about shotgun pleadings "in at least one other case," but the court nonetheless provided him "**one** . . . opportunity to amend his complaint to state what claims he can with sufficient specificity." (Doc. No. 42 at 9 (emphasis in original).) The court provided Kelly instructions to enable him to file an adequately stated complaint. (*Id*. at 12-

---

[2] *See Kelly v. Ret. Sys. of Ala*., Case No. 2:25-cv-202-MHT-CWB; *Kelly v. Ala. Alcohol Control Bd.*, *et al*., Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al*., Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City Board, et al*., Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works & Sanitary Sewer Bd., et al*., Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Ala. Dept. of Rehab. Servs., et al*., Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al*., Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Reg'l Airport, et al*., Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Hous. Auth., et al*., Case No. 2:24-cv-00166-MHT-JTA.

[3] Of the four cases originally assigned to the undersigned, one was reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al*., Case No. 2:24-cv-00343-ECM-SMD.

[4] The relevant procedural history of this action prior to the entry of the January 2, 2025 Order is adequately set forth in that Order and will not be repeated here. (*See* Doc. No. 42 at 6-7. 9.) Since filing his amended complaint, Kelly filed a collection of motions seeking a hearing and show cause orders, which the court resolved by an order entered March 10, 2025. (Docs. No. 45, 46.) In addition, by separate order entered on today, the undersigned denied Kelly's motion to amend and motion for hearing filed March 18, 2025. It is unnecessary to further discuss the resolution of those motions in this Recommendation.

15.) The court specifically "***ADVISED [Kelly] that failure to timely file a second amended complaint that complies with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders***." (*Id.* at 13 (emphasis in original).) He was further advised that the undersigned would recommend dismissal with prejudice. (*Id.*)

On January 14, 2025, Kelly filed a second amended complaint (Doc. No. 43.) Like every other pleading Kelly has filed in this and other cases before the undersigned, Kelly's second amended complaint is a shotgun pleading. Many times, the undersigned has explained to Kelly in this and other cases why his pleadings are shotgun pleadings. (*See* Doc. No. 42 (explaining why Kelly's amended complaint in this action constituted a shotgun pleading).) *See also*, *e.g.*, *Kelly v. Montgomery Hous. Auth.*, No. 2:24-cv-166-MHT-JTA, 2024 WL 1837195, at *2 n.1 (M.D. Ala. Apr. 26, 2024) (ordering Kelly to amend a shotgun complaint), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024). The court declines to provide Kelly another detailed explanation.

Suffice it to say, the second amended complaint repeats many of the shotgun pleading errors Kelly was specifically ordered to cure.[5] "While Plaintiff sprinkles throughout his pleading legal phrases and buzz words, there are no meaningful allegations

---

[5] In fact, the second amended complaint, which is sixty-five pages long without exhibits and one hundred eleven pages long including exhibits, doubles down on the shotgun pleading errors in the amended complaint. (Docs. No. 21, 43.) By contrast, the amended complaint was forty-nine pages long and had no exhibits. (Doc. No. 21.) Although extensive length alone is not necessarily a defining characteristic of a shotgun pleading, in this case, the overabundant length of the second amended complaint is directly attributable to shotgun pleading errors.

or plausible causes of action stated anywhere in the [c]omplaint; rather, it teems with conclusory allegations, including many that are nonsensical." *Kelly v. Montgomery Real Est., LLC*, No. 2:24-cv-297-RAH-KFP, 2025 WL 648645, at *6 (M.D. Ala. Jan. 17, 2025), *report and recommendation adopted sub nom. Kelly v. Montgomery Real Est. Buyers LLC*, No. 2:24-cv-00297-RAH, 2025 WL 445252 (M.D. Ala. Feb. 10, 2025). In sum, the second amended complaint "shares the 'unifying characteristic of' shotgun complaints: 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,' or the grounds upon which each of Kelly's claims rest." *Kelly v. Elite Roofing, LLC*, No. 2:24-cv-388-MHT-JTA, 2024 WL 5264873, at *2 (M.D. Ala. Dec. 31, 2024) (quoting *Kelly v. Montgomery Hous. Auth.*, No. 2:24-cv-166-MHT-JTA, 2024 WL 1837195, at *2 n.1 (M.D. Ala. Apr. 26, 2024), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024)), *report and recommendation adopted*, No. 2:24-cv-388-MHT, 2025 WL 361163 (M.D. Ala. Jan. 31, 2025).

Kelly's second amended complaint violates the January 2, 2025 Order because it is a shotgun complaint. The undersigned finds a record of delay and noncompliance with court orders directing Kelly to file a pleading that complies with the Federal Rules of Civil Procedure. In all his pending cases before the undersigned, where he was ordered to amend in compliance with Rule 8, Kelly has yet to file a complaint that is not a shotgun pleading.

The undersigned has considered consequences short of dismissal with prejudice and concludes that none will suffice to protect judicial resources from an infinite loop of striking shotgun complaints and allowing amendments. *See Kelly v. Elite Roofing, LLC*,

2024 WL 5264873, at *3 ("[T]he court cannot allow itself to be caught in an infinite loop of striking shotgun complaints and allowing amendments."). In this and all other actions pending before the undersigned, Kelly has uniformly demonstrated that he cannot or will not file a complaint that is not a shotgun pleading. Based on Kelly's record, the undersigned holds no hope either monetary sanctions or dismissal without prejudice can yield a proper complaint. Simply put, no lesser sanctions than dismissal with prejudice would suffice here.

Accordingly, this action is due to be dismissed with prejudice for failure to comply with court orders and Rule 8 of the Federal Rules of Civil Procedure. *See Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) ("In the light of [the *pro se* p]laintiff's continued failure to comply with federal pleading requirements, the district court committed no error in dismissing with prejudice Plaintiff's first amended complaint.").

B.    Designation as a Vexatious Litigant and Consequences

In the January 2, 2025 Order, the undersigned provided Kelly the following warning:

> Kelly has been informed many times in multiple cases by the undersigned and other judges in this district that shotgun complaints are not permitted. He has been subjected to multiple orders in multiple cases instructing him to file amended complaints that satisfy the Federal Rules of Civil Procedure, and those orders provided him with the information necessary to enable him to comply. *See, e.g.*, *Kelly v. Elite Roofing*, 2:24-CV-388-MHT-JTA, 2024 WL 4993858, at *1 (M.D. Ala. Dec. 5, 2024); *Kelly v. Montgomery Hous. Auth.*, 2024 WL 1837195; *see also, e.g.*, *Kelly v. Ala. Dept. of Rehab. Servs., et al.*, Case No. 2:24-cv-00343-ECM-SMD (Doc. No. 31, December 20, 2024 Order). Nevertheless, he has yet to file a complaint that complies with the Federal Rules of Civil Procedure in any case before the undersigned.

> Repeatedly filing documents that make the same errors after the court has previously explained those errors to Kelly is "frivolous, waste[s] the court's limited resources, and unnecessarily delay[s] the resolution of the case on the merits." *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024). Further, as Kelly has previously been advised on numerous occasions, his filings are subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See, e.g., Kelly v. Montgomery Hous. Auth.*, 2024 WL 3240637 (explaining Kelly's obligations under Rule 11). Pleadings and motions must not be filed frivolously or with cavalier disregard for the Federal Rules of Civil Procedure. Lawsuits are serious matters, not "cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall." *Lietzke v. City of Montgomery, AL*, No. 2:20-cv-1032-WKW-JTA, 2023 WL 3937423, at *4 (M.D. Ala. June 9, 2023).
>
> Therefore, ***Kelly is specifically warned that continuing to file shotgun complaints in this or other actions—or the repeated filing of arguments or motions the court has already explained are frivolous—may result in further sanctions, including monetary sanctions and restrictions on his filing privileges upon a finding that he is a vexatious litigant.*** *See Kelly v. Elite Roofing, LLC*, Case No. 2:24-CV-388-MHT-JTA, 2024 WL 4994508, at *3 (M.D. Ala. Dec. 5, 2024) ("***<u>Plaintiff is ADVISED that he will be subject to sanctions if he continues to clutter the dockets with motions and other filings containing repeat attempts at raising the same frivolous arguments.</u>***" (emphasis in original)). This warning applies to filings in future lawsuits as well as in Kelly's currently-pending actions.

(Doc. No. 42 at 11-12 (emphasis in original; footnote omitted).)

In addition, the January 2, 2025 Order concluded with the following paragraph:

> ***Kelly is ADVISED that filing another shotgun complaint <u>will</u> result in a recommendation that this case be dismissed with prejudice, that he be deemed a vexatious litigant, and that his filing privileges be appropriately restricted***.

(*Id*. at 15-16 (emphasis in original).)

At least one other judge in this District in at least two other cases has noted the vexatious nature of Kelly's shotgun complaints. *Kelly v. Montgomery Real Est., LLC*, 2025 WL 648645, at *6 (United States Magistrate Judge Kelly Fitzgerald Pate's

9

recommendation of dismissal, noting "[t]he vexatious nature of this suit is further evidenced by" Kelly's shotgun pleadings in other actions)); *Kelly v. Montgomery Cnty. & City Bd.*, No. 2:24-cv-362-ECM-KFP, 2025 WL 430890, at *4 & n.4 (M.D. Ala. Jan. 16, 2025) (same).

If, in each of Kelly's many cases, he is not held to the same standard as other litigants and required to comply with the basic rules of pleading, he will negatively impact the efficiency of administration of justice and the allocation of limited court resources. *See Dorman*, No. 2020 WL 2078527, at *1 (noting "[a]ll shotgun pleadings" inevitably "'waste . . . judicial resources'" (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 991 (11th Cir. 2015) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)).

Accordingly, the undersigned concludes it is time to declare Kelly a vexatious litigant and impose consequences narrowly designed to address the vexatious conduct without entirely closing the courthouse doors to him. *See Miller v. Donald*, 541 F.3d 1091, 1096–97 (11th Cir. 2008) (recognizing the necessity of tailoring methods to prevent vexatious *in forma pauperis* litigation while "minimizing the exclusion of valid claims" and avoiding "shutting the courthouse door" by placing an absolute bar on a litigant's future filings). To accomplish that goal, the undersigned recommends that, for any shotgun

pleading Kelly files in the future, the court, after appropriate review, summarily dismiss the pleading and the action without prejudice.[6]

The proposed consequences are narrowly tailored to preclude the court from unnecessarily expending judicial resources fruitlessly repeating the process of explaining to Kelly the rules of pleading, striking his shotgun pleadings, and allowing amendment before ultimately dismissing the action. *See Kelly v. Montgomery Hous. Auth.*, No. 2:24-cv-166-MHT-JTA, 2025 WL 221796, at *7 n.2 (M.D. Ala. Jan. 16, 2025) (explaining Kelly's pervasive pattern of "avoiding (or attempting to avoid) complying with orders to address the merits of the motions to dismiss by mooting them with amended pleadings that do not cure the deficiencies raised in the motions to dismiss or the shotgun pleading issues," and warning that the court will not allow itself to be caught in an "infinite loop" of addressing successive shotgun pleadings). Further, in general,[7] the proposed approach would not shut the courthouse door to Kelly where he seeks judicial relief for legally cognizable civil wrongs by filing a properly-pleaded complaint. Nor would it deprive Kelly

---

[6] Stated plainly, the court will review Kelly's complaint to determine if it is a shotgun pleading. If the court deems the complaint a shotgun pleading, it will be summarily dismissed without prejudice by the court. The court will not afford Kelly an opportunity to amend his complaint.

[7] It is not inconceivable that the running of a statute of limitations at an inopportune time could functionally deprive Kelly of the ability to seek relief in the event of dismissal without prejudice. *See Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 969 (11th Cir. 2017) ("Where a dismissal has the effect of precluding an appellant from refiling h[is] claim because the statute of limitations has run, the dismissal is tantamount to a dismissal with prejudice." (citation and internal quotation marks omitted)). That is a risk Kelly will take if he files a shotgun pleading.

11

of the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure in the event of dismissal of a shotgun pleading.[8]

## IV. CONCLUSION

Accordingly, the undersigned RECOMMENDS the following:

1. Kelly's second amended complaint (Doc. No. 43) be dismissed with prejudice for failure to comply with court orders and Rule 8(a)(2) of the Federal Rules of Civil Procedure.

2. This action be dismissed with prejudice for failure to comply with court orders and Rule 8(a)(2) of the Federal Rules of Civil Procedure.

3. Kelly be DECLARED a vexatious litigant.

4. As a consequence of Kelly's vexatious filing of shotgun pleadings, in the event Kelly files a shotgun complaint in the future, after appropriate review, the court summarily dismiss the pleading and the action without prejudice.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 15, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

---

[8] The undersigned notes Kelly's prior history of paying the $405.00 filing fee in his cases. Hopefully, the prospect of paying another filing fee to initiate a new action will deter Kelly from filing a shotgun pleading in the first instance. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) ("As the Supreme Court has noted, filing fees in theory discourage frivolous lawsuits and thus help allocate judicial resources to more meritorious cases.").

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 1st day of May, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE